IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEWELLEAN MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-3362-M-BN |
| | § | |
| CRESCENT MEDICAL CENTER, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO APPOINT
COUNSEL AND, ALTERNATIVELY, TO APPOINT AN EXPERT**

This *pro se* medical malpractice case proceeding under the Court's diversity jurisdiction has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Plaintiff Jewellean Moore, who has been granted leaved to proceed *in forma pauperis* ("IFP"), now moves for court-appointed counsel or, alternatively, a court-appointed medical expert. *See* Dkt. No. 27.

For the reasons and to the extent explained in this order, the Court DENIES Moore's motion without prejudice as to the appointment of counsel and as to the appointment of an expert to the extent that the Court leaves open the option that it may appoint an expert to aid the Court in the future but with prejudice as to the appointment of an expert to the extent that Moore requests that the Court appoint an expert to assist her individually.

-1-

## Legal Standards and Analysis

<u>Appointment of Counsel</u>

"There is no absolute right to an attorney in [civil] cases." *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010). That is, a *pro se* plaintiff, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Although the Court has statutory authority to appoint counsel to represent an indigent person in the prosecution of a suit, *see* 28 U.S.C. § 1915(e)(1), that authority is typically exercised only in "exceptional circumstances," *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *see also Naranjo*, 809 F.3d at 799 ("even when a plaintiff has nonfrivolous ... claims, a 'trial court is not required to appoint counsel ... unless the case presents exceptional circumstances'" (quoting *Ulmer*, 691 F.2d at 212)); *Jemison v. Citimortgage, Inc.*, Civ. A. No. H-13-2475, 2013 WL 12140971, at *1 (S.D. Tex. Oct. 7, 2013) ("A court may appoint counsel in a civil case if exceptional circumstances make it necessary for the proper administration of justice." (citing *Ulmer*, 691 F.2d at 212-13)).

District courts in this circuit consider several non-comprehensive factors (sometimes referred to as *Ulmer* factors) to determine "whether exceptional circumstances warrant the appointment of counsel, including:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that

appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo*, 809 F.3d at 799 (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)). "District courts may also consider the extent of a plaintiff's attempts to secure private counsel independently." *Id.* (citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)).

The "courts have 'considerable discretion' in deciding whether to appoint counsel. But that discretion ends once exceptional circumstances are found." *Naranjo*, 809 F.3d at 801 (quoting *Branch v. Cole*, 686 F.2d 264, 267 (5th Cir. 1982)).[1]

Moore has not demonstrated that exceptional circumstances justify appointment of counsel at this time.

A claim of medical malpractice – similar to a claim for deliberate indifference in violation of 42 U.S.C. § 1983 – may involve complex issues. But that alone does not justify the appointment of counsel in this case at this time. *Cf. Mooney v. Dallas Cty.*, No. 3:05-cv-1432-N, 2008 WL 151250, at *5 (N.D. Tex. Jan. 14, 2008) ("While it is

---

[1] *Cf. Scoggins v. MacEachern*, Civ. A. No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); other citations omitted)); *Lyle v. United States*, Civ. A. No. JFM-09-727 & Crim. No. JFM-02-395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (the decision to appoint counsel under "[18 U.S.C.] § 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant" (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984))).

doubtful that an *inmate* plaintiff is capable of self-representation in an action involving medical treatment and expert testimony, see the factors enumerated in *Ulmer* ..., it does not follow that merely because medical testimony and records are relevant that this fact renders every civil rights action alleging deliberate indifference to serious medical needs one in which exceptional circumstances are present." (emphasis added)); *see also Cutts v. Dennehy*, Civ. A. No. 09-10902-DPW, 2010 WL 1344977, at *2 (D. Mass. Mar. 30, 2010) ("While the nature of the claims (medical malpractice/deliberate indifference to medical needs) can involve complex issues of law and/or fact, that alone is not sufficient to justify appointment of counsel in this case. A review of the record indicates that plaintiff is proficient in the English language and has a familiarity with various legal and medical terms, concepts, and proceedings. There is no market based impediment to the plaintiff's own retention of private counsel. This is particularly common in the medical malpractice/deliberate indifference to medical needs context where the customary form of engagement for cases of arguable merit is by contingent fee, and as to constitutional violations, the right to attorney's fees is available to prevailing parties. To be sure, the screening process by private attorneys for such matters serves to filter out unpromising cases. A court should be reluctant to tamper with this market mechanism for screening cases by independently assigning counsel.").

To date, there appears to be no reason why Moore cannot adequately research and investigate the case on her own without the Court's taking the exceptional step of appointing counsel. And, although, as a non-lawyer, Moore has a more limited knowledge of the law, so far, she has presented the Court with adequate pleadings –

that is, she has been able to articulate her claims so that the Court can understand them. *Cf. Falcon v. Holly*, 480 F. App'x 325, 326-27 (5th Cir. 2012) (per curiam) (vacating summary judgment for defendant on an excessive force claim but, at the same time, affirming denial of appointment of counsel "[b]ecause [Plaintiff] has not shown that the case involves exceptional circumstances"). It is not evident, moreover, that Moore has had difficulties prosecuting her case that are more severe than those experienced by a typical *pro se* litigant. *See Margin v. Soc. Sec. Admin.*, Civ. A. No. 08-4605, 2009 WL 3673025, at *2 (E.D. La. Oct. 28, 2009) ("[E]very litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him."), *reconsideration denied*, 2009 WL 4019803 (E.D. La. Nov. 19, 2009).

The Court is presently unable to ascertain whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. It could. But it is too early to tell, as the Court is not in a position to assess how evidence will be used in this case.

Therefore, none of the *Ulmer* factors, taken together or individually, currently compel the appointment of counsel. That is, Moore has not yet shown that this action is the rare case in which a claim is not only nonfrivolous but also complex and in which those characteristics of a claim, along with the characteristics of the litigant, warrant the appointment of counsel.

<u>Appointment of an Expert</u>

Moore moves the Court to appoint a "sepsis expert" under Federal Rule of Evidence 706. *See* Dkt. No. 27. "Rule 706 contemplates the appointment of an expert to aid the court." *Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008) (citing CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, 3 FEDERAL EVIDENCE §§ 7:25, 7:26 (3d ed. 2007)). Therefore, to the extent that Moore requests the expert to aid her case alone, that request is denied with prejudice. As the Court explained to Moore in the February 9, 2017 Initial Scheduling Order,

> [a]lthough Plaintiff has been granted leave to proceed in forma pauperis under the provisions of 28 U.S.C. § 1915, *see* Dkt. No. 7, "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant," *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995)); *see also id.* at 196-97 & n.5.

Dkt. No. 25, ¶ 4; *see also id.* at ¶ 1 ("As is her right, Plaintiff has chosen to prosecute this action without an attorney.... [T]his is Plaintiff's lawsuit, and, ultimately, Plaintiff must prove that she is entitled to relief.... This means, among other things, that Plaintiff is responsible for conducting discovery to obtain the evidence that he needs to prove her case. This responsibility generally includes obtaining an expert witness to the extent that expert evidence is required to establish a claim or defense.").

More broadly, the IFP statute does not "'require or authorize the court to subsidize litigation by paying expert fees or other costs that IFP litigants may incur, such as depositions, duplication, exhibits, or travel.'" *Pedraza*, 71 F.3d at 196 (quoting district court order affirmed).

But, to the unlikely extent that Moore is requesting that the Court appoint a "sepsis expert" to assist the Court, such a request is denied without prejudice because it is too early in the life of this proceeding to assess whether such an expert should be appointed under Rule 706.

## Conclusion

The Court DENIES the motion [Dkt. No. 27] without prejudice as to the appointment of counsel and as to the appointment of an expert to the extent that the Court leaves open the option that it may appoint an expert to aid the Court in the future but with prejudice as to the appointment of an expert to the extent that Moore requests that the Court appoint an expert to assist her individually.

SO ORDERED.

DATED: February 16, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE