IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEWELLEAN MOORE,                    §
                                    §
              Plaintiff,            §
                                    §
V.                                  §          No. 3:16-cv-3362-M-BN
                                    §
CRESCENT MEDICAL CENTER,            §
ET AL.,                             §
                                    §
              Defendants.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Plaintiff Jewellean Moore has filed a motion for leave to amend her complaint, in which she also seeks leave to add an additional defendant *See* Dkt. No. 29. The Court ordered Defendant Lancaster Regional Hospital, L.P. d/b/a Crescent Medical Center Lancaster (identified by Plaintiff as Crescent Medical Center) ("Crescent") to file a written response to that motion by April 7, 2017. *See* Dkt. No. 30. Crescent did not file a response by that deadline but did indicate, through a letter docketed April 24, 2017, that it does not oppose Moore's request for leave to amend. *See* Dkt. No. 48.

Moore now moves for default judgment based on her belief that the amended complaint has been docketed by the Court and that Crescent (or any other defendant) is currently obligated to respond to it. *See* Dkt. No. 49.

**Legal Standards and Analysis**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011).

> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

Moore is not entitled to judgment by default. No defendant is in default for failing to respond to Moore's amended complaint, as the Court has not granted her leaved to file it. And the Clerk did not enter default prior to Moore's filing her motion for default judgment. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL

2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

## Recommendation

The Motion for Default Judgment [Dkt. No. 49] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 28, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE